UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEBORAH CARMEN WILLIAMS,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 14-00568-DFM<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Deborah Carmen Williams ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Social Security disability insurance benefits. The Court concludes that the ALJ erred by discounting the opinion of Plaintiff's treating physician without providing specific and legitimate reasons. Accordingly, the ALJ's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her application for benefits on August 17, 2010, alleging disability beginning June 30, 2009. Administrative Record ("AR") 26. The

ALJ found that Plaintiff had the severe impairments of right carpal tunnel syndrome and complaints of neck and back pain. AR 28. Notwithstanding these severe impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work. AR 29. The ALJ concluded that Plaintiff was not disabled because there was work available in the national economy in significant numbers that she could perform despite her impairments. AR 37.

## II.

## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) evaluating and weighing the opinion of Plaintiff's treating physician; and (2) assessing Plaintiff's credibility.[1] See Joint Stipulation ("JS") at 4.

## III.

## DISCUSSION

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of her treating orthopedist, Dr. Rajiv Puri. JS at 4-12. Plaintiff was injured on the job in May 2007 while working as a truck driver. AR 367. Plaintiff began treatment with Dr. Puri in March 2008 due to back and right shoulder pain caused by the work injury. AR 373-440.[2] On March 9, 2009, Dr.

---

[1] Because the Court concludes that the ALJ erred in assessing the treating physician's opinion, the Court does not reach the remaining issue and will not decide whether this issue would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claim of error.

[2] Plaintiff submitted various records from Dr. Puri dated March 12, 2008 to March 23, 2011 in the first instance to the Appeals Council. See AR 373-440. Although the ALJ did not consider these records in denying benefits, the Appeals Council reviewed this evidence when denying Plaintiff's request for review. See AR 1-6. Because the Appeals Council considered these records, the Court must review this evidence in determining whether the ALJ's decision

2

Puri completed a work injury status report. AR 221-22. Dr. Puri opined that Plaintiff could not lift over ten pounds with her right arm and could not do any overhead reaching or activities with her right arm. Id.

The ALJ rejected Dr. Puri's opinion as follows:

> The undersigned gives very limited weight to Dr. Puri's March 2009 opinion. Firstly, Dr. Puri did not have a longitudinal treatment record with the claimant and he apparently relied on the claimant's subjective complaints and history in offering his opinion. Secondly, there is no evidence that Dr. Puri intended his limitations to be permanent or to last more than twelve months. Thirdly, the claimant did not follow-up with Dr. Puri as recommended and did not follow through with Dr. Puri's referral for physical therapy. Finally, the claimant did not report subjective complaints of shoulder pain to her providers for more than one year after Dr. Puri's evaluation.

AR 35.

An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However,

was supported by substantial evidence and free from legal error. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012) ("We hold that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.").

"[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631-33; 20 C.F.R. § 404.1527(c)(2)(i)-(ii).

Considering the record as a whole, including the medical records submitted by Plaintiff to the Appeals Council, the Court finds that the ALJ did not provide specific and legitimate reasons for rejecting Dr. Puri's opinion. First, the ALJ's conclusion that Dr. Puri "did not have a longitudinal treatment record" is belied by the treatment records submitted to the Appeals Council. These records demonstrate that Plaintiff saw Dr. Puri on a fairly regular basis for treatment of back and shoulder pain from March 2008 to March 2009.[3] See AR 373-440.

Second, the ALJ's conclusion that Dr. Puri relied solely upon Plaintiff's "subjective complaints and history" in reaching his opinion is not supported by the evidence when the medical records submitted by Plaintiff to the Appeals Council are considered. In August 2008, Dr. Puri found that Plaintiff had "limited" range of motion in her right shoulder. AR 399. A month later, Dr. Puri's notes reflect that an MRI of Plaintiff's right shoulder "shows tendonitis" and a cortisone injection was administered. AR 395.

---

[3] Although there is an order form signed by Dr. Puri on March 23, 2011 for a lumbar brace, there does not appear to be any evidence in the record that Dr. Puri examined or treated Plaintiff after March 2009.

4

Third, the fact that Plaintiff did not report shoulder pain to her medical providers for more than a year after Dr. Puri's March 2009 evaluation does not undermine Dr. Puri's opinion. Rather, this fact seems more probative of Plaintiff's credibility than the weight to give Dr. Puri's opinion.

Finally, the ALJ stated that Dr. Puri did not intend for the limitations he imposed in his March 9, 2009 report to last more than 12 months. However, the Court cannot determine whether Dr. Puri intended the limitations to be temporary or permanent. All of the other work injury status reports prepared by Dr. Puri include a notation that Plaintiff is "totally temporar[ily] disabled until next exam," with a follow up date four weeks later. See, e.g., AR 395. On the other hand, the March 9, 2009 report states that Plaintiff is "released to modified duty." AR 221. Thus, it is not clear whether Dr. Puri intended that Plaintiff's restriction to lifting no more than 10 pounds and no overhead reaching with her right arm be permanent.

Moreover, the Court cannot conclude that the ambiguity about whether Dr. Puri intended Plaintiff's lifting and reaching limitations to last at least 12 months is inconsequential to the ultimate issue of disability. The examining physician, Dr. Enriquez, provided similar lifting and reaching limitations in June 2011, more than two years later. See AR 315. In rejecting Dr. Enriquez's opinion, the ALJ relied in part on the lack of medical records to substantiate Dr. Enriquez's opinion. See AR 36. However, the records submitted to the Appeals Council show that Plaintiff did in fact see Dr. Puri on a regular basis from March 2008 through at least March 2009 regarding her shoulder pain. Furthermore, the ALJ gave the most weight to the consultative orthopedist's December 2010 opinion "because it is consistent with the claimant's lack of subjective musculoskeletal complaints from 2007-2011 except for a single orthopedic record with Dr. Puri in 2009." AR 35. If the ALJ had reviewed the records submitted to the Appeals Council, records that show regular

5

complaints of back and shoulder pain in 2008 and 2009, he may not have afforded the consultative orthopedist's opinion the greatest weight.

Nor can the Court conclude that any error is harmless. If the ALJ credited Dr. Puri's and Dr. Enriquez's reaching limitations, then Plaintiff would not be able to perform the job of home health care companion, an occupation identified by the vocational expert as compatible with Plaintiff's RFC, because that job requires frequent reaching. See DICOT 309.677-010, 1991 WL 672667 (1991).

In sum, the Court finds that the reasons offered by the ALJ for rejecting the opinion of Plaintiff's treating physician are not specific and legitimate, especially in light of the additional records submitted to the Appeals Council. The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). Here, remand is appropriate for the ALJ to fully and properly consider the opinion of Plaintiff's treating physician, Dr. Puri, and to determine whether that opinion supports a finding of disability.

///

6

**IV.**

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated:  December 30, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7